UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN,<br><br>              Plaintiff,<br><br>     v.<br><br>DRUG ENFORCEMENT AGENCY, et al.,<br><br>              Defendants. | No. 2:23-cv-1116 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On June 30, 2023, plaintiff's complaint was dismissed, and he was granted thirty days to file an amended complaint. Plaintiff's filing is before the court. As discussed below, the undersigned declines to consider the filing as an amended complaint, and grants plaintiff sixty days to file an amended complaint that complies with the court's orders.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person

2

acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Amended Complaint

Plaintiff filed a two page document that includes the Notice of Amendment form (although it references a court order filed July 7, 2023, and the screening order issued June 30, 2023).  The second page consists of a letter to the Court Clerk, entitled "Motion to Proceed," in which he requests a trial by jury, declines to consent to the jurisdiction of the magistrate judge and asks the court to

> reconsider the Erie doctrine, and note that this agency is partially responsible for color of state law, which brings punitive damages at the state level. An audit would tie relevant evidence of housing status while incarcerated at CDCR with adverse witnesses, or paid informants.  The DEA is, and along with their confidential informants exercising no penological or legitimate penological interest in mind while practing sic [sic]rights.  Insurrection in lieu of sic [sic] rights.

(ECF No. 19 at 2.)

Discussion

The undersigned finds that plaintiff's filing, despite its title, does not constitute an amended complaint.  The document fails to identify particular individuals as defendants and what each defendant did or did not do that violated his constitutional rights.

3

It appears more likely that plaintiff asks the court to reconsider the June 30, 2023 screening order. Under Local Rule 230(j), applications for reconsideration require plaintiff to set forth material facts and circumstances, including:

> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j). Plaintiff asserts that his pleading is not frivolous. However, plaintiff's filing fails to set forth what new or different facts or circumstances and why they were not shown in his pleading. In any event, plaintiff's complaint is so vague and conclusory the court was unable to determine who plaintiff is attempting to sue and for what. (ECF No. 14 at 3-4.) The undersigned declines to reconsider the screening order, but grants plaintiff time in which to amend his complaint. Plaintiff is provided another notice of amendment form to accompany his amended complaint. In addition, plaintiff is required to file his amended complaint on the court's civil rights complaint form to ensure plaintiff provides all of the information required.

Motions to Add Defendants

After the undersigned issued the screening order, plaintiff filed two more motions to add defendants. However, as plaintiff was advised in the screening order (ECF No. 14 at 6), he must include all defendants in one pleading and set forth specific facts as to each defendant. Plaintiff's motions are denied. (ECF No. 17, 18.)

Consent Form

If plaintiff wishes to decline the jurisdiction of a magistrate judge, he must complete and file the court's form. The Clerk of the Court is directed to send plaintiff the form for declining or consenting to the jurisdiction of a magistrate judge.

////

////


Extension of Time

Finally, on July 17, 2023, plaintiff filed a request for an additional sixty days in which to file an amended complaint. Plaintiff's request is granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 13, 2023 filing (ECF No. 19) is construed as a request for reconsideration, which is denied without prejudice.

2. Plaintiff is granted sixty days from the date of this order to file an amended complaint that complies with the June 30, 2023 order (ECF Nos. 14, 25). Plaintiff shall complete and file with the proposed amended complaint the Notice of Amendment provided. In addition, plaintiff is required to file his amended complaint on the court's civil rights complaint form.

Failure to file an amended complaint in accordance with this court's orders may result in the dismissal of this action.

3. Plaintiff's motions (ECF Nos. 17, 18) are denied without prejudice.

4. The Clerk of the Court is directed to send plaintiff a civil rights complaint form (prisoner) and a form Consent to Proceed Before a United States Magistrate Judge.

Dated: July 20, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vanh1116.rec

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. VAN HUISEN,<br><br>  Plaintiff,<br><br>  v.<br><br>DRUG ENFORCEMENT AGENCY, et al.,<br><br>  Defendants. | No. 2:23-cv-1116 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint
DATED:

    _____
    Plaintiff