UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN,<br><br>Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT AGENCY, et al.,<br><br>Defendants. | No. 2:23-cv-1116 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As discussed below, plaintiff's second amended complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
8    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
10   1227.

11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   The Civil Rights Act

26   To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a
27   federal constitutional or statutory right; and (2) that the violation was committed by a person
28   acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Discussion

Plaintiff's second amended complaint is again incomprehensible.  Plaintiff names three defendants:  Chuck Rosenburg, the Director of the Drug Enforcement Agency ("DEA"); an unidentified adverse witness; and an unidentified confidential informant employed by the DEA. Plaintiff raises four separate claims,[1] none of which articulate a clear violation of federal law or the Constitution.  (ECF No. 39 at 3-5, 10.)  For example, in his first claim where he is to identify the federal civil right that was violated, plaintiff writes:  "Precepts of Law; to live honorably, to hurt no one, to render everyone his due implied malice, and marked the "other" box, writing "leze Majesty/Actious Nonitate."  (ECF No. 39 at 3.)

In his second claim, plaintiff checks the retaliation box, but he identifies no individual who allegedly retaliated against plaintiff, and sets forth no specific facts demonstrating that an adverse action was taken against plaintiff in response to plaintiff's conduct protected under the First Amendment.[2]  Plaintiff is advised that in order to state a cognizable retaliation claim, he

---

[1] At the end of his pleading, plaintiff includes a claim labeled "Claim III" (ECF No. 39 at 10), which differs from his prior Claim III (ECF No. 39 at 5); thus, the court construes the last claim as plaintiff's claim four.

[2] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing

3

must provide specific facts that meet each element of a retaliation claim under Rhodes, 408 F.3d at 567-68.

In his third claim, plaintiff marked the box "property," again referencing the taking of real property, a civil RICO action, and claiming he was "defrauded civil conspiracy of personal property." (ECF No. 39 at 5.) As injury, plaintiff writes, "infamy – defamation/irreparable injury. Unlawfully kept from establishing or re-establishing a proper measure of equity." (ECF No. 39 at 5.) Again, plaintiff fails to set forth specific facts identifying who allegedly violated his rights under federal law or the Constitution. Indeed, he fails to provide the context in which his real property was allegedly taken.

To the extent plaintiff is attempting to challenge his underlying conviction, plaintiff must do so through a petition for writ of habeas corpus filed in the federal district in which he was convicted. Review of court records indicate that plaintiff filed a habeas petition in this district, Van Huisen v. Superior Court of Alameda, No. 2:23-cv-1180 DB (E.D. Cal.). However, on June 26, 2023, the habeas case was transferred to the Northern District of California, where it remains pending.[3] Van Huisen v. Superior Court of Alameda, No. 4:23-cv-3255-YGR (N.D. Cal.) The undersigned notes that in addition to challenging his 2014 Alameda County conviction, plaintiff raises claims of civil conspiracy, civil RICO, and the Takings Clause in the habeas petition. Id. (ECF No. 1 at 2.)

As for personal property, plaintiff does not identify any personal property that has been taken from him by state actors, as well as how or why such property was taken.[4] Thus, the court

---

Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

[3] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[4] The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the

4

is unable to determine whether plaintiff could amend to state a cognizable federal civil rights claim based on an authorized deprivation of any personal property by a state actor.

In his fourth claim, plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated, adding "breach of the peace," and checks the box "exercise of religion." (ECF No. 39 at 9.) Plaintiff then cites the Pledge of Allegiance and refers to various Bible quotes, but fails to set forth facts suggesting a violation of the Eighth Amendment or showing how his right to exercise religion has been infringed upon or by whom. (ECF No. 39 at 5.)

Aside from the pleading deficiencies described above, plaintiff alleges no facts supporting a defamation claim brought in federal court. A federal civil rights action under 42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979). In other words, plaintiff must specifically allege the constitutional right that was violated. Graham v. Connor, 490 U.S. 386, 394 (1989); Baker, 443 U.S. at 140. Therefore, to the extent plaintiff attempts to raise a defamation claim, such claim alone does not rise to the level of a federal constitutional violation. See Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976) (stating defamation itself does not establish cause of action under Section 1983; it is deprivation of constitutional rights for which Civil Rights Act creates remedy). "To establish a civil rights claim under 42 U.S.C. § 1983, a plaintiff must assert more than a violation of state tort law -- he must show that the defendant deprived him of an interest protected by the Constitution or federal law." Weiner v. San Diego Cty., 210 F.3d 1025, 1032 (9th Cir. 2000) (citing Paul v. Davis, 424 U.S. 693, 712 (1976)); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims

---

Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

precluded by Paul); Sadler v. Dutton, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), adopted, 2017 WL 3219479 (D. Mont. July 28, 2017).  Specifically, plaintiff must join his defamation claim to a recognizable Section 1983 wrong.  See Buckey v. Cty. of Los Angeles, 968 F.2d 791, 795 (9th Cir. 1992).  For these reasons plaintiff's defamation claim fails.

In any event, the court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2) and does not adequately identify a constitutional injury.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed.  However, the court will grant plaintiff one final opportunity to file a pleading that states a cognizable claim.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Simply listing a series of alleged violations is insufficient.

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed.

6

R. Civ. P. 8.  In other words, plaintiff must set forth what each defendant did that allegedly violated plaintiff's rights.  Plaintiff must not include any arguments, explanations, evidence, summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  The Ninth Circuit set forth an example complaint demonstrating "short and plain" allegations:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

McHenry, 84 F.3d at 1177, quoting Fed. R. Civ. P. Form 9.  A rambling pleading with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants,[5] very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

---

[5] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Any amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a third amended complaint, the original pleading is superseded.

Motion for Extension

On September 21, 2023, while plaintiff's first amended complaint was pending, plaintiff filed a motion for sixty day extension of time to file an amended complaint. (ECF No. 34.) On October 5, 2023, plaintiff filed the second amended complaint. Because plaintiff has filed his second amended complaint, plaintiff's motion for an extension of time is denied as moot.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 39) is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion for extension of time (ECF No. 34) is denied as moot.

Dated: October 10, 2023

/vanh1116.14n.2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. VAN HUISEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DRUG ENFORCEMENT AGENCY, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-1116 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed_____.

DATED: _____	Third Amended Complaint

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff

10